G. H. A. KUNST, Judge.
This claim was submitted upon a stipulation that the allegations of the petition of claimants together with the receipt* for taxes paid should constitute an agreed statement of facts for the consideration of the court.
These tax receipts show that for twenty-two years, from 1909 to 1930 inclusive, the owner of land, under whom they claim, was erroneously assessed with one hundred and sixty acres of land, situated in Roaring Creek district of Randolph county, West Virginia, instead of one hundred acres, the correct acreage owned by him and properly assessed in the year 1908.
*239 The overpayment of taxes for twenty-two years, as shown by the petition, amounts to $235.55, for which amount neither the landowner nor claimants ever received any refund and for which amount an award is asked.
The state constitution made it the landowner’s duty to have his land entered on the land books of the county.
The law required him, each year, under oath, to correctly list his real estate and truthfully answer, under penalty of forfeiture, the inquiries of the assessor as to the correctness of his assessment for the current and previous year.
Each year he was notified by his tax receipt of the error.
From 1909, each year, after reasonable notice, he had adequate and complete remedy in an application to the board of review and equalization, and if taxes had been paid, had same refunded, or relief from payment. If relief refused, he could appeal to the circuit court and in proper case have its judgment reviewed by the Supreme Court.
In 1911 an additional remedy by application to the county court was given him.
This enactment made possible an application for relief in the fall, when the landowner paid his taxes and would be notified by his tax receipt of the error, giving him thus additional time after the adjournment of the board of review and equalization, and opportunity for relief there had been lost.
Fraud or other adventitious circumstances are not shown, whereby resort to such remedies was prevented, and by his failure to do so, he waived his right to relief and no other remedy was offered him.
The statutes and their interpretation by the Supreme Cotut have determined that this and similar claims shall not be *240 permitted to disturb the fiscal affairs of the state. West Virginia National Bank v. Spencer, 71 W. Va. 678, 77 S. E. 270; Island Creek Fuel Co. v. Harshberger, 73 W. Va. 397, 80 S. E. 504.
Claimants stand in no better position than their ancestor, from whom this land was inherited, and as adequate relief was offered him yearly, in the courts of the state, during the entire period of this erroneous assessment, section 14, chapter 20 of the acts of 1941, excludes consideration of this claim from this court’s jurisdiction, and it is accordingly dismissed and an award refused.